Michael Maggiano, Esquire (014581974)
**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
Fort Lee, New Jersey 07024
(201) 585-9111
Attorneys for Plaintiff,
Charity Sims, Individually and as a Class Representative

Philip Federico - Admitted *Pro Hac*
Brent Ceryes - Admitted *Pro Hac*
**BAIRD, MANDALAS, BROCKSTEDT, FEDERICO, LLC**
2850 Quarry Lake Drive
Suite 220
(443) 421-7777
pfederico@bmbfclaw.com
bceryes@bmbfclaw.com
Attorneys for Plaintiff,
Charity Sims, Individually and as a Class Representative

Jared R. Cooper
Brett Stambolian
**ROBINSON & YABLON, P.C.**
232 Madison Avenue, Suite 909
New York, New York 10016
Phone: 212-725-8566
Fax:  212-725-8567
jcooper@ryinjury.com
bstambolian@ryinjury.com

Alan Roth
**BENDIT WEINSTOCK, P.A.**
80 Main Street, Suite 260
West Orange, NJ 07052
Phone: 973-736-9800
aroth@benditweinstock.com

## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN MARRERO AND JULIO C. MARRERO, et al. | : |
| | : **Civil No.:  2:19-cv-00964-(WJM)** |
| Plaintiffs | : |
| | : |
| v. | : |
| HEALTHPLUS SURGERY CENTER, LLC, et al.   : | |
| | : |
| Defendants: | : |

## PLAINTIFFS' UNOPPOSED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND TO APPOINT QSF ADMINISTRATOR

This litigation arises from allegations that the Plaintiffs and others were negligently exposed to potential bloodborne pathogens at an ambulatory surgery facility. Following several years of litigation, the Plaintiffs, Defendants, and over 350 other claimants represented by undersigned Plaintiffs' Counsel have reached agreements to resolve these matters, the terms of which are set forth in a Confidential Master Settlement Agreement (the "MSA").

The Plaintiffs hereby move this Court for entry of an Order to aid in the efficient processing and administration of a Confidential Master Settlement Agreement (the "MSA") between Defendants, Plaintiffs' Counsel and the claimants. The Defendants do not oppose the motion.

This Motion seeks an Order (1) to establish a Qualified Settlement Fund (the "Fund") within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-l, et seq. ("Regulations"); (2) to appoint RG/2 Claims Administration, LLC ("RG/2"), as the Qualified Settlement Fund Administrator (the "QSF Administrator") pursuant to the terms, conditions, and restrictions of the MSA; and (3) to appoint Sandy Springs Bank ("the Bank") as the financial institution that will hold the Fund. Plaintiffs' Counsel and the Defendants have agreed to establish the Fund as a "qualified settlement fund" under the Code, subject to this Court's approval. The establishment of the Fund as a "qualified settlement fund" under the Code and Regulations, subject to the Court's continuing jurisdiction as required by the MSA, is vital to the satisfaction of the objectives of Plaintiffs' Counsel and the Defendants. The Court should approve the establishment of the Fund as in the best interest of the Parties.

In support of this Motion, Counsel respectfully states as follows:

1. Plaintiffs' Counsel and the Defendants have entered into the MSA, which is not

being filed with the Court because it contains confidential terms. The MSA provides that the Settlement Funds shall be deposited into a Qualified Settlement Fund to be established by Plaintiffs' Counsel by Order of this Court, and then be allocated between the releasing claimants by a neutral third-party allocator. Counsel for the Plaintiffs have selected the Honorable Judge Rachelle Harz (Ret.) to serve as the allocator in this matter.

2. The Fund shall remain subject to the continuing jurisdiction of this Court until such funds are distributed in accordance with the terms of the Master Settlement Agreement in their entirety or upon further order of this Court.

3. This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states in relevant part that a Qualified Settlement Fund "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law)…and is subject to the continuing jurisdiction of that governmental authority."

4. Plaintiffs' Counsel has conferred with the Defendants, and have agreed to the filing of this Motion, the relief sought, and to the Proposed Order attached hereto as Exhibit A.

5. Plaintiffs request that the Court approve RG/2 as the QSF Administrator. RG/2 Claims is a boutique claims administration firm with a nationwide presence founded by seasoned class action practitioners and highly credentialed tax professionals, which has extensive experience administering Qualified Settlement Funds in different causes of action nationwide. RG/2 address is as follows 30 South 17th Street, Philadelphia, PA 19103. RG/2 personally submits to the jurisdiction of this Court.

6. Upon any potential dissolution or bankruptcy of RG/2, its appointment as QSF Administrator shall terminate and Counsel will seek Court approval of their nominated successor QSF Administrator.

7. The QSF Administrator shall administer the Fund pursuant to the terms of the MSA, which shall control/govern the operation of the Fund and the rights, duties and obligations of the QSF Administrator.

8. As a result, the Fund, by and through the QSF Administrator, shall only make payments to the Plaintiffs, Plaintiffs' Counsel, any entities asserting a claim of subrogation in accordance with the terms of the MSA, RG/2 as lien resolution administrator and QSF administrator, the claims allocator, and/or any entities to effect qualified assignments of any structured settlement liability or similar vehicle within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

9. The claims made against the Defendanats are made on account of physical bodily injury to Plaintiffs and arise out of alleged liability in tort or violation of law.

10. The settlement proceeds are the sole property of the Fund. No distributions shall be made from the Fund except pursuant to the terms of the MSA. Until such time as monies are distributed, the Plaintiffs shall not possess any rights to demand or receive any portion of the settlement proceeds or the escrowed funds or to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent the Plaintiffs from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

11. In accordance with the MSA, the Defendants will pay the settlement consideration to the Fund. Such payments and the earnings thereon will be held by the Fund until disbursed by the QSF Administrator in accordance with the terms of the Master Settlement Agreement.

12. The QSF Administrator shall be indemnified and held harmless by the claimants from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Fund. Should the QSF Administrator

be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, and whether brought by or against or otherwise involving the Fund, by reason of the QSF Administrator having served in any capacity on behalf of the Fund, the QSF Administrator shall be indemnified and held harmless by the claimants against reasonable expenses, costs and fees (including attorney fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the QSF Administrator in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by this Court that the QSF Administrator was negligent or failed to comply with the terms of the MSA in connection with the administration of the Fund.

13. The Plaintiffs request that no bond be required, provided that all monies received by the Fund, which include all principal and interest earned thereon, shall be deposited by the QSF Administrator in an investment agency account held in custody of Sandy Springs Bank, a financial institution with headquarters in Olney Maryland, , for the benefit of and titled in the legal name of the QSF. Any and all funds held in the QSF shall be held in an interest bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the QSF, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

14. Following the written instructions of the QSF Administrator and/or its investment advisor pursuant to these terms and conditions, the Bank shall invest the Fund such that the following investment policy is implemented: (1) safety of principal; (2) zero bank liability exposure; and/or (3) the use of zero sweep disbursement accounts to ensure funds remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial

institution holding the funds fail.

15. Undersigned Plaintiffs' Counsel retain the right to remove the Bank, and may designate a replacement bank. Only upon the written consent of undersigned Plainitffs Counsel will the QSF Administrator be authorized to retain a replacement bank. In the event of such replacement, the terms and conditions of this paragraph — including, without limitation, those addressing bond requirements, investments, and distributions from the QSF — shall apply to any such replacement bank.

16. The QSF Administrator shall not be liable for any losses as a result of investing the Deposit as directed by the Court. Any such losses shall not be recoverable from the parties and the parties and their counsel shall have no responsibility for the QSF Administrator's performance. Receipt and/or investment of the Deposit shall be confirmed by the QSF Administrator as soon as practicable by account statement or other reasonable method not to exceed 15 days from receipt of the funds by the Bank.

17. The QSF Administrator shall be authorized to distribute all settlement sums following receipt of notification from the allocator and undersigned Plaintiffs' Counsel, and pursuant to the terms and conditions of the MSA.

18. All taxes on the income of the Fund and expenses and costs incurred in connection with the taxation of the Fund (including, without limitation, the expenses of tax attorneys and accountants) shall be paid out of the Fund, shall be considered to be a cost of administration of the settlement, and shall be paid as instructed by the QSF Administrator.

19. Within fifteen (15) calendar days following the last day of every annual quarter or upon request, the QSF Administrator will prepare and deliver Fund Statements ("Statements") to Counsel, and to this Court if the Court so requests. The Statements shall include a statement of receipts, investment earnings, interest, and disbursements. The QSF Administrator shall provide the

Statement no later than ten (10) business days following the request.

20. The QSF Administrator shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail, or other document believed by the QSF Administrator to be genuine and sufficient, and upon any other evidence believed by the QSF Administrator, in its reasonable judgment, to be genuine and sufficient, which may be provided to the QSF Administrator by Counsel.

21. Upon final distribution of all monies paid into the Fund, the QSF Administrator shall take appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

22. The QSF Administrator will obtain a Federal Taxpayer Identification Number for the Fund upon the execution of an Order by this Court establishing the Fund.

23. Once the terms of the MSA have been met, the Defendants shall coordinate with the QSF Administrator to effect the deposit of the Settlement Fund into the Fund which shall be held by the Bank and said financial institution shall be responsible for following the instructions of the Fund Administrator pursuant to the terms and conditions of the MSA or Order of this Court. The Bank shall not be allowed to distribute any monies from the QSF except upon instructions of the QSF Administrator, or, if requested, upon the order of this Court.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Counsel respectfully requests that the Court approve establishment of the Fund as a qualified settlement fund and enter an Order in the form submitted herewith.

**MAGGIANO, DIGROLAMO & LIZZI, PC**

/s/ Michael Maggiano
Michael J. Maggiano, Esquire – Attorney ID 014581974
201 Columbia Avenue
Fort Lee, NJ 07024
 Phone: 201-585-9111

Fax: 201-292-8145

**BAIRD, MANDALAS, BROCKSTEDT, FEDERICO, LLC**

/s/ Philip Federico
Philip Federico - Admitted *Pro Hac*
Brent Ceryes - Admitted *Pro Hac*
2850 Quarry Lake Drive
Suite 220
(443) 421-7777
pfederico@bmbfclaw.com
bceryes@bmbfclaw.com
Attorneys for Plaintiff,
Charity Sims, Individually and as a Class Representative

**ROBINSON & YABLON, P.C.**

/s/ Jared R. Cooper
Jared R. Cooper
232 Madison Avenue, Suite 909
New York, NY 10016
Phone: 212-725-8566
Fax: 212-725-8567
jcooper@ryinjury.com b

**BENDIT WEINSTOCK, P.A.**
/s/ Alan Roth
Alan Roth
80 Main Street, Suite 260
West Orange, NJ 07052
Phone: 973-736-9800
aroth@benditweinstock.com

*Attorneys for Plaintiffs*

**Dated: August 6, 2024**